UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

                Plaintiff,      Case No. 19-20097

v.                                  Judith E. Levy
                                   United States District Judge

Kevin Porter,
                                   R. Steven Whalen
              Defendant.     Magistrate Judge
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR REVOCATION OF DETENTION ORDER [66] AND DENYING DEFENDANT'S MOTION TO STRIKE [70]**

This is a motion for the revocation of Defendant's detention order because of the ongoing COVID-19 pandemic. Additionally, Defendant moves to strike the Government's response. For the reasons stated below, the Court denies both motions.

**BACKGROUND**

On February 26, 2019, a grand jury returned an indictment of Defendant Kevin Porter on three charges of Production of Child Pornography, Receipt of Child Pornography, and Coercion and Enticement of a Minor. (ECF No. 15.) On March 6, 2019, the Honorable

Marianne O. Battani entered an order of detention pending trial. (ECF No. 25.) Because there existed probable cause that Defendant committed an offense involving a minor victim, the Court found, pursuant to 18 U.S.C. § 3142(e)(3), that there was a rebuttable presumption that no condition or combination of conditions would reasonably assure the appearance of the Defendant as required and the safety of the community. (*Id.* at PageID.386.) The Court further held that Defendant had not introduced enough evidence to rebut that presumption. (*Id.*) Defendant is currently detained at the Midland County Jail. (ECF No. 66, PageID.552.) A trial is set for September 1, 2020. (ECF No. 64.)

On April 8, 2020, Defendant moved for revocation of his detention order because of the COVID-19 pandemic, Defendant is being targeted by fellow inmates, and he is not a danger to the community. (ECF No. 66.) On April 14, 2020, the Government responded, objecting to Defendant's motion. (ECF No. 69.) On April 15, 2020, Defendant moved to strike the Government's response on the grounds that it discussed legally protected information. (ECF No. 70.) Because the Court finds that 28 U.S.C. 3145(c) does not apply, and that Defendant is not at an elevated risk of serious harm from COVID-19, the Court denies Defendant's

motion for revocation of detention. Because the Court finds the Government's response does not include legally protected information, the Court denies Defendant's motion to strike.

## LAW AND ANALYSIS

### I.  Motion for Revocation of Detention Order

Defendant argues that the dangers posed to him by the COVID-19 pandemic and other inmates constitute an "exceptional reason" for release pending trial under 18 U.S.C. § 3145(c) and 18 U.S.C. §3142(i). (ECF No. 66, PageID.552.) Additionally, Defendant argues that his continued detention violates his Due Process rights. (ECF No. 66, PageID.567.) Neither 18 U.S.C. § 3145(c) nor 18 U.S.C. §3142(i) authorizes Defendant's release. Furthermore, the Court finds that Defendant's detention does not, at this time, violate his Due Process rights.

### A.  18 U.S.C. § 3145(c)

The Court lacks jurisdiction to order Defendant's release under 18 U.S.C. § 3145(c). 18 U.S.C. § 3145 states:

> (c) Appeal from a release or detention order—
>
> An appeal from a release or detention order, or from a decision denying revocation or amendment of such an

> order, is governed by the provisions of section 1291 of title 28 and section 3731 of this title. The appeal shall be determined promptly. A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

In *United States v. Christman*, the Sixth Circuit held that a district court was empowered to make findings regarding exceptional circumstances under 18 U.S.C. § 3145(c)'s last sentence. 596 F.3d 870, 871 (6th Cir. 2010) (citing *United States v. Cook*, 42 F. App'x 803, 804 (6th Cir. 2002). However, Defendant is in detention pending trial; he is not subject to detention pursuant to 18 U.S.C. § 3143(a)(2) (detention pending sentencing) or (b)(2) (detention pending appeal). Therefore, the last sentence of 18 U.S.C. § 3145(c) does not apply, and the Court has no authority under that provision to order Defendant's release here.

### B. 18 U.S.C. § 3142(i)

Where a detention order has been issued, the Court is permitted to issue a "subsequent order" temporarily releasing an individual in custody "to the extent that the judicial officer determines such release to be necessary for the preparation of the person's defense or for another

4

compelling reason." 18 U.S.C. § 3142(i)(4). Defendant argues that release is necessary for the preparation of his defense, and that the danger caused by COVID-19 constitutes another compelling reason.

Section 3142(i) does not define "compelling reason," and the Sixth Circuit has yet to interpret this statutory language. Courts, including this Court, have granted release to Defendants under § 3142(i) because of the risks posed by COVID-19. *See United States v. Kennedy*, No. 18-cr-20315, ECF No. 77 (E.D. Mich. Mar. 27, 2020) ("Under any possible interpretation of Section 3142(i)'s language, current events and Defendant's particular vulnerability to the disease constitute a compelling reason for release under § 3142(i)."); *United States v. Perez,* No. 19- cr-00297, ECF No. 62 (S.D.N.Y. Mar. 19, 2020) (finding that the defendant's heightened risk to COVID-19 complications constitutes a compelling reason for release under § 3142(i)). However, the Court is not aware of any decision granting release under § 3142(i) where a defendant was not at heightened risk of an adverse outcome from COVID-19 infection.

The Court acknowledges that Defendant, as an incarcerated individual, faces an increased risk of contracting COVID-19 due to his

5

confinement in the Midland County Jail. On March 23, 2020, the Centers for Disease Control and Prevention (CDC) acknowledged that correctional and detention facilities "present[] unique challenges for control of COVID-19 transmission among incarcerated/detained persons, staff, and visitors." *Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities*, Centers for Disease Control (Mar. 23, 2020), https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html. Indeed, as of March 27, 2020, Michigan jails are attempting to lower their detained populations "as officials scramble to remove people thought to be at high risk of contracting the coronavirus, but little risk to the general public if they were not behind bars." James David Dickson, *Jail populations plunge in Metro Detroit as coronavirus spreads*, Detroit News (March 27, 2020), khttps://www.detroitnews.com/story/news/local/macomb-county/2020/03/27/jail-populations-plunge-metro-detroit-coronavirus-spreads/2914358001/.

However, Defendant does not allege that he is at heightened risk of an adverse outcome from COVID-19 infection. Defendant is thirty-two

6

years old. (ECF No. 67, PageID.645.) The public health evidence of which this Court is aware suggests that people over fifty are at heightened risk of severe illness and death from COVID-19. Defendant does not allege that he has any other health conditions that would render him particularly vulnerable to a COVID-19 infection. Accordingly, the Court finds that Defendant's risk of COVID-19 infection does not, at this time, constitute a compelling reason for release pursuant to 18 U.S.C. § 3142(i).

Nor does Defendant's need to prepare a defense warrant release. Defendant argues that

> "the video visitation regimen in place at the Midland County Jail is not sufficient for pretrial preparation in a case such as this, where Mr. Porter is faced with charges that carries a mandatory minimum sentences of up to 15 years in prison and one count which carries a maximum term of life imprisonment."

(ECF No. 66, PageID.567.) The Court recognizes that the circumstances are far from ideal. But the proposed conditions of Defendant's release, which include home confinement with no access to an internet condition, would only further limit Defendant's ability to confer with counsel or prepare for trial. Accordingly, the need to prepare a defense does not authorize release pursuant to 18 U.S.C. § 3142(i).

### C. Due Process

Finally, Defendant argues that "continuing to detain [him] constitutes an independent due process violation that the Court must remedy." (ECF No. 66, PageID.569.) Citing to the Supreme Court in *Farmer v. Brennan*, Defendant claims that he is at "a substantial risk of serious harm" from COVID-19 and that the Government has shown "deliberate indifference to [his] health or safety." *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). The Government contests Defendant's claim, arguing that Midland County Jail follows rigorous sanitation practices and that its inmates have regular access to medical treatment. (ECF No. 69, PageID.682.)

As noted above, Defendant does not have any underlying health conditions which would place him at greater risk of severe complication from a COVID-19 infection. Nor does Defendant's age place him in a vulnerable group. Accordingly, the Court finds that Defendant is not at "substantial risk of serious harm" from COVID-19, and therefore Defendant's continued detention does not violate his Due Process rights.

Because Defendant's release is not warranted by either 18 U.S.C. § 3145(c) or 18 U.S.C. § 3142(i) and Defendant's continued detention does

not violate his Due Process rights, Defendant's motion for revocation of his detention order is denied.

## II. Motion to Strike

Defendant moves to strike the Government's response to his motion on the grounds that it discusses legally privileged information under HIPAA. (ECF No. 70.) The Court acknowledges that it allowed Defendant to file a psychosexual evaluation under seal. (ECF No. 65.) The Government, in its response to Defendant's motion for revocation of detention, discusses some of the contents of the evaluation. (ECF No. 69, PageID.675.) Psychosexual evaluations are commonly discussed in public hearings and documents by both the Government and defense counsel. *See, e.g., Singo v. Easterling*, No. 08-00514, 2016 WL 2595125, at *14 (M.D. Tenn. May 5, 2016) (quoting and discussing at length the results of a defendant's psychosexual evaluation). The Government does not attach any of Defendant's medical records to its response, and the Government's response includes minimal discussion of the evaluation's contents. Accordingly, Defendant's Motion to Strike (ECF No. 70) is denied.

## III. Conclusion

For the reasons stated above, Defendant's Emergency Motion for Revocation of Detention Order (ECF No. 66) is DENIED. Defendant's Emergency Motion to Strike (ECF No. 70) is DENIED.

IT IS SO ORDERED.

Dated: April 27, 2020　　　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 27, 2020.

　　　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　　　Case Manager